IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISMAEL MORENO-RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3203 |
| | § | Criminal Action No. H-04-81-02 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

Pending before this Court is Ismael Moreno-Rodriguez's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civil Document No. 1, Criminal Document No. 81) and the Government's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Criminal Document No. 84). Having considered the motions, submissions, and applicable law, the Court determines Moreno-Rodriguez's motion should be denied, and the Government's motion should be granted.

## BACKGROUND

On April 14, 2004, a federal grand jury indicted Ismael Moreno-Rodriguez ("Moreno-Rodriguez"), charging him with four counts: (1) possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; (2) aiding and abetting possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18

U.S.C. § 2; (3) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A); and (4) possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

On May 28, 2004, Moreno-Rodriguez, accompanied by counsel, pleaded guilty to the second and third counts pursuant to a plea agreement.[1]  Pursuant to the plea agreement, Moreno-Rodriguez waived his right to appeal the Court's sentence, except for any sentence beyond the statutory maximum time or for an upward departure from the applicable guideline range under the United States Sentencing Guidelines ("USSG").  In addition, Moreno-Rodriguez waived his right to collaterally attack his conviction or sentence under § 2255.

The United States Probation Department ("Probation") set Moreno-Rodriguez's offense level at 23.  On September 7, 2004, the Court sentenced Moreno-Rodriguez to a term of sixty months' imprisonment, with the sentences to run concurrently, followed by a five-year term of supervised release.[2]  Moreno-Rodriguez did not directly appeal either his conviction or sentence.

---

[1]The Government dismissed the first and fourth charges.

[2]In the Presentence Report ("PSR"), pursuant to USSG § 2D1.1(c)(7), Probation calculated Moreno-Rodriguez's base offense level at 26 and subsequently applied a three-point reduction under USSG § 3E1.1(a)-(b) for acceptance of responsibility.  Probation also set Moreno-Rodriguez's criminal history category at I.  The USSG established a sentence between forty six and fifty seven months for each count.  However, the Court imposed the statutory mandatory minimum term of sixty months' imprisonment for the counts under 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 924(c)(1)(A).

On September 14, 2005, Moreno-Rodriguez filed the instant § 2255 motion.  He argues the Court should reinstate his right to appeal, and he was denied effective assistance of counsel at sentencing and on appeal.  Specifically, Moreno-Rodriguez alleges his attorney provided ineffective assistance by failing to (1) file a notice of appeal, (2) argue that the sentencing guidelines are merely advisory, (3) argue the court erred in denying a downward departure for acceptance of responsibility, and (4) argue that the possession of a firearm was not connected with a drug trafficking offense. The Government moved to dismiss Moreno-Rodriguez's petition, contending Moreno-Rodriguez validly waived his right to collaterally attack his sentence and conviction. The Government also argues Moreno-Rodriguez failed to specify the grounds for the relief he seeks and state specific facts supporting each allegation.  In the alternative, the Government seeks summary judgment.

## STANDARD OF REVIEW

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must clear a "significantly higher hurdle" than would be required on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  This "higher hurdle" requires that petitioners show "cause" excusing their failure to directly appeal and that they suffered "actual prejudice" from the alleged errors.  *Id.* at 167-68; *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995).

To prove "cause," petitioners must show that an external obstacle prevented

3

them from raising their claims either at trial or on direct appeal.  *See McCleskey v. Zant*, 499 U.S. 467, 497-98 (1991).  A finding of "actual prejudice" requires petitioners to show they suffered an actual and substantial disadvantage.  *Frady*, 456 U.S. at 170.  When applying the "cause" and "actual prejudice" standards, § 2255 motions "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed."  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1991).  If a petitioner can prove ineffective assistance of counsel, this finding will satisfy both the requisite cause and prejudice.  *See Acklen*, 47 F.3d at 742.

<u>LAW & ANALYSIS</u>

A.    *Moreno-Rodriguez's Waiver of His Right to Appeal*

A defendant may waive his or her right to file for relief under § 2255.  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Courts will enforce a waiver of § 2255 rights if the waiver is based on a petitioner's informed and voluntary decision.  *White*, 307 F.3d at 341 (citing *Wilkes*, 20 F.3d at 653).  Thus, because a defendant may waive relief under § 2255, this Court will analyze whether Moreno-Rodriguez entered into the waiver knowingly and voluntarily and will enforce the waiver if the answer is in the affirmative.  *See id.* at 343-44.

4

Moreno-Rodriguez signed an agreement wherein he explicitly waived his right to seek any post-conviction relief, including § 2255 relief. Moreno-Rodriguez stated that he carefully reviewed the plea agreement with his attorney, including the waiver provision. Furthermore, Moreno-Rodriguez declared that after carefully consulting with his attorney regarding all parts of the plea agreement, he voluntarily agreed to waive his § 2255 rights and that he understood the ramifications of such a decision. Moreover, the language in the plea agreement was clear and unambiguous. Accordingly, the Court concludes that Moreno-Rodriguez waived his right to post-conviction relief. *See White*, 307 F.3d at 339 (stating that waivers of appeal are enforceable when made knowingly and voluntarily and when the language in the plea agreement is clear and unambiguous). Therefore, the waiver in the agreement is enforceable and bars Moreno-Rodriguez's claim.

B.    *Effect of Moreno-Rodriguez's Ineffective Assistance of Counsel Claims on*
       *His Waiver*

A defendant may avoid a waiver of § 2255 rights by successfully arguing an ineffective assistance of counsel claim "only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id.* at 343; *see also United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (concluding that a defendant may appeal his case despite a waiver in the plea agreement when the defendant's waiver of

5

appeal was tainted by ineffective assistance of counsel).  Thus, when a defendant has waived his right to appeal, he cannot seek post-conviction relief by arguing ineffective assistance of counsel if such allegation does not question the validity of the waiver or plea itself.  *White*, 307 F.3d at 339.

Moreno-Rodriguez makes no allegation that his attorney's ineffective assistance induced him to enter into the plea agreement unknowingly or involuntarily or that the alleged ineffective assistance directly affected the validity of the waiver or the plea agreement.  Moreno-Rodriguez alleges only that he received ineffective assistance of counsel at sentencing and on appeal.  However, the Court notes that he signed the plea agreement stating his attorney carefully and fully explained every part to the plea agreement, he understood the terms to the agreement, and he entered into the agreement voluntarily.  Because Moreno-Rodriguez fails to argue or demonstrate how ineffective assistance of counsel affected the validity of the plea agreement or waiver, this Court will enforce his waiver of post-conviction relief and reject his claims of ineffective assistance of counsel.  *See White*, 307 F.3d at 339.  Nevertheless, the Court will examine the merits of Moreno-Rodriguez's claims for ineffective assistance of counsel.

C.    *Ineffective Assistance of Counsel*

Assuming arguendo that Moreno-Rodriguez had presented facts to raise an issue

6

of ineffective assistance of counsel, the Court continues its analysis.  To prevail on a claim for ineffective assistance of counsel, Moreno-Rodriguez must demonstrate that counsel's performance was deficient and that this deficient performance prejudiced the petitioner's case.  *See Strickland v. Washington*, 366 U.S. 668, 687 (1984).  Generally, to prove deficient performance, a petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and that (2) the attorney's performance "fell below an objective standard of reasonableness."  *Id.* at 687-88.  In addition, "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).  A petitioner must overcome a strong presumption of a reasonably adequate performance by his or her attorney to prove deficiency.  *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996).

To prove prejudice, the petitioner must show that his or her attorney made such serious errors that he or she was deprived of a fair trial.  *Strickland*, 466 U.S. at 687.  Stated differently, a petitioner must show that "but for counsel's errors, there is a reasonable probability that the final result would have been different . . . ."  *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855,

862 (5th Cir. 1998)).  Representation is not ineffective merely because, with the benefit of hindsight, the reviewing court disagrees with counsel's strategic choices.  *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  Petitioner bears the burden of proving that he is entitled to relief.[3]  *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983). Failure to prove either deficient performance or prejudice to the defendant "will defeat an ineffective assistance of counsel claim."  *Ramirez*, 398 F.3d at 698 (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)).

Moreno-Rodriguez alleges that his attorney denied him his right to effective assistance by failing to (1) file a notice of appeal after he requested that counsel do so, (2) argue that the sentencing guidelines are only advisory, (3) argue the Court erred in denying the petitioner a three-point reduction in his offense level for acceptance of responsibility, and (4) argue that the possession of a firearm was not connected with a drug trafficking offense.  The Court will analyze each of these claims separately.

1.      Failure to File a Notice of Appeal

Moreno-Rodriguez contends that his counsel provided ineffective assistance by promising to file an appeal and subsequently failing to do so.  Generally, a habeas

---

[3]Because Moreno-Rodriguez filed his motion *pro se*, the Court liberally construes the motion and holds it to a less stringent standard than the Court would otherwise view formal pleadings submitted by an attorney.  *See Haynes v. Kerner*, 404 U.S. 519, 520-21 (1972); *S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

petitioner cannot create an ineffective assistance of counsel claim from an attorney's failure to appeal meritless claims. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). Moreno-Rodriguez pleaded guilty to the crimes charged, and under the terms of his plea agreement, he waived the right to appeal the sentence or the manner in which it was determined. Furthermore, the petitioner waived his right to contest his conviction by means of any post-conviction proceedings. The record indicates Moreno-Rodriguez's attorney fully and carefully explained the waiver provision, and Moreno-Rodriguez voluntarily agreed to accept the terms of the plea agreement. The agreement only allowed him to appeal if the sentence imposed exceeded the statutory maximum or resulted in an upward departure from the USSG. Additionally, Moreno-Rodriguez stated he understood the ultimate sentence was to be determined in the sole discretion of the Court, and he agreed not to appeal any sentence imposed that fell below the statutory maximum.

Moreno-Rodriguez alleges his attorney assured him he would appeal the conviction, but Moreno-Rodriguez offers no evidence to support this allegation. His blanket allegation does not require a § 2255 evidentiary hearing because although courts "construe pro se applications liberally, the mere recitation of a formula, even in an affidavit, does not suffice to establish either plausibility or the right to an evidentiary

9

hearing." *See Allen v. United States*, 634 F.2d 316, 317 (5th Cir. 1981).  "A hearing is also unnecessary when the petitioner's allegations are inconsistent with his conduct and when he does not offer detailed and specific facts surrounding the allegation." *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (citing *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)).  Moreno-Rodriguez has failed to offer any evidence he intended to appeal his conviction or any details or specific facts to support his allegations.

Moreover, even if counsel had filed a notice to appeal, "there is no reasonable probability that the final result would have been different." *See Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005).  Foregoing one's right to appeal, including a waiver of § 2255 relief, in order to secure the terms of a plea agreement is a valid legal strategy. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).  Finally, the Court will not second guess counsel's strategy simply because something may have been done differently.  *See Green v. Johnson*, 116 F.3d 1115, 1115 (5th Cir. 1997). The Court concludes Moreno-Rodriguez's counsel neither provided deficient counsel nor prejudiced his client's case and rejects Moreno-Rodriguez's first claim.

2.	Failure to Argue That The Sentencing Guidelines Are Advisory Only  As stated above, "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill

10

chosen that it permeates the entire trial with obvious unfairness." *Strickland v. Washington*, 366 U.S. 668, 687-88 (1984) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).  The crimes to which Moreno-Rodriguez pleaded guilty carried mandatory minimum sentences of imprisonment and recommended terms of supervised release following discharge from prison.  The Court imposed the minimum allowable term of imprisonment for both charges and ordered a supervised release term recommended by the USSG.  Moreover, his attorney's failure to inform the Court of the advisory nature of the sentencing guidelines did not result in an unfair trial because the Court fully comprehends the nature of the sentencing guidelines.

Furthermore, Moreno-Rodriguez also must show that failure to argue the sentencing guidelines were advisory only prejudiced his case.  To demonstrate prejudice in the sentencing phase, a petitioner must show "a reasonable certainty that but for the trial counsel's errors his non-capital sentence would have been significantly less harsh." *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994) (citing *Spriggs v. Collins*, 933 F.2d 85, 88 (5th Cir. 1993)). Courts consider factors such as "the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *Id.*  In the case at bar, Moreno-Rodriguez received the minimum allowable term of five years

in prison.  The two charges to which he pleaded guilty carried supervised release sentences of at least four years.  Moreno-Rodriguez received supervised release terms of five years to run concurrently.  Moreno-Rodriguez could not have received a sentence "significantly less-harsh" than he received because he received the minimum terms of imprisonment and a term of supervised release close to the minimum time permitted by statute.  Because Moreno-Rodriguez cannot show that failure to argue the advisory nature of the sentencing guidelines resulted in deficient representation and prejudice to his case, this second ineffective assistance of counsel claim fails.

       3.     Failure to Argue the Court Erred in Denying a Three-Point Reduction in Moreno-Rodriguez's Offense Level

       In the plea agreement, the Government stated the sentence would be imposed in accordance with the USSG.  Section 3E1.1(a)-(b) of the USSG permits a reduction of three points in an offense level based on a defendant's acceptance of responsibility. The Government agreed to reduce Moreno-Rodriguez's offense level by three points. The Court imposed the statutory minimum sentence of sixty months' imprisonment for each count, resulting in a longer sentence than recommended by the USSG when taking into account the three-point reduction.  Moreno-Rodriguez argues his counsel provided ineffective assistance in failing to argue the Court erred in denying him a three-point reduction in his offense level.

Pursuant to USSG § 3.E1.1(a), the Government agreed to a three-point reduction in Moreno-Rodriguez's offense level.  With this three-point reduction, the initial recommended sentence under the USSG is forty-six to fifty-seven months.  However, the two counts to which Moreno-Rodriguez pleaded guilty both carry statutory minimum sentences of not less than sixty months.  21 U.S.C. § 841(b)(1)(B) (2000); 18 U.S.C. § 924(c)(1)(A)(i) (2000).  According to USSG § 5G1.1(b), where a statutorily required minimum sentence exceeds the maximum sentence of the applicable guideline range, the statutorily required minimum sentence is the guideline sentence.  Because the statutory minimum sentences in this case (sixty months) exceed the maximum sentences applicable with the three-point reduction (fifty-seven months), the correct guideline sentence is sixty months.  An imposition of any sentence other than sixty months for the counts in Moreno-Rodriguez's case would be a guideline departure.  *See* U.S. Sentencing Guidelines Manual § 5G1.1 cmt. (2004).  Moreno-Rodriguez's counsel did not act deficiently when failing to argue the Court erred when not imposing a sentence of forty-six to fifty-seven months because if counsel had done so, counsel would have been arguing for an incorrect departure from the USSG.  Because Moreno-Rodriguez was not entitled to a sentence less than sixty months, he cannot claim his attorney acted deficiently for failing to argue the Court erred by not including a three-point reduction.  *See United States v. Springer*, 28 F.3d 236, 239 (1st

13

Cir.1994) (stating that an attorney does not provide ineffective assistance by failing to argue a court erred in not granting a reduction in offense level when the defendant was not entitled to any such reduction).

Furthermore, Moreno-Rodriguez explicitly acknowledged the Court had justification and authority to impose any sentence within the statutory range for the offenses to which he pleaded guilty. Moreno-Rodriguez further agreed to accept any sentence up to the maximum established by statute, to not withdraw his plea because of a sentence in excess of the recommended sentence under the USSG, and to remain bound by all of the obligations in the plea agreement.

Moreover, even if the Court found that counsel had acted in a deficient manner, Moreno-Rodriguez would be required to demonstrate that this deficiency prejudiced his case. Moreno-Rodriguez cannot show a reasonable probability that his sentence would have been "substantially less harsh" had counsel proceeded in any alternate manner regarding the downward departure. As already noted, the Court imposed the correct sentence pursuant to statute; therefore, under the facts of this case, Moreno-Rodriguez fails to show that counsel prejudiced his case because Petitioner was not deprived of a fair trial, and the result would have been the same regardless of how the Court treated the three-point reduction. Accordingly, the Court rejects Moreno-Rodriguez's third ineffective assistance of counsel claim.

4.      Failure to Argue Firearm Possession Unconnected to Drug Trafficking

Moreno-Rodriguez contends that his counsel was ineffective for failing to argue that the firearm in question was not connected to his drug trafficking offense. The Fifth Circuit has defined "connection" as a "causal or logical relation or sequence." *United States v. Condren*, 18 F.3d 1190, 1198 (5th Cir. 1994).  It is undisputed that Moreno-Rodriguez possessed a firearm when he was arrested for drug trafficking.  Moreno-Rodriguez ostensibly asserts there was no connection between the weapon and the drugs or the drug trafficking.  Even liberally construing Moreno-Rodriguez's argument, he has not offered any evidence or logical explanation to suggest that he possessed the firearm in connection with anything other than the drug trafficking offense to which he pleaded guilty.  Moreno-Rodriguez knowingly and voluntarily decided to plead guilty to possession of a firearm in connection with a drug trafficking offense in return for the Government's dismissal of the remaining counts.  The Court notes that a guilty plea to secure the dismissal of other serious offenses to which the government has a strong case qualifies as a legitimate legal strategy employed by Moreno-Rodriguez's counsel. *See, e.g., Powell v. Whitley*, No. 91-2403, 1991 U.S. Dist. LEXIS 13659, at *13 (D. La. Sept. 19, 1991) (stating that advice from counsel to plead guilty to lesser offenses so as to avoid other criminal charges falls "well within the range of reasonable professional assistance").  As stated above, the Court will not second guess legitimate

15

strategic choices by counsel when deciding if counsel acted in a deficient manner. *See Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Therefore, the Court concludes counsel's recommendation to enter the plea agreement in lieu of arguing that Moreno-Rodriguez did not possess a firearm in connection with drug trafficking was not deficient.

Furthermore, even if his attorney proceeded in a deficient manner, Moreno-Rodriguez has not proved that counsel prejudiced his case. Moreno-Rodriguez has not offered any evidence to suggest he was deprived of a fair trial or that a reasonable probability exists that the final result would have been different if counsel argued that the gun was not connected to the drug trafficking offense. *See Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005) (stating that to prevail on an ineffective assistance of counsel claim, a defendant must present evidence showing that "but for counsel's errors, there is a reasonable probability that the final result would have been different"). Moreno-Rodriguez offers no evidence to suggest he possessed the gun for any purpose other than to facilitate drug trafficking. Accordingly, as Moreno-Rodriguez cannot show deficient performance or prejudice, the Court rejects his fourth ineffective assistance of counsel claim.

<u>CONCLUSION</u>

16

The Court concludes Moreno-Rodriguez knowingly and voluntarily waived his § 2255 rights in his plea agreement with the Government, and his claims of ineffective assistance of counsel fail to survive the valid waiver.   Additionally, the Court determines that even if Moreno-Rodriguez's ineffective assistance of counsel claims survived the waiver, each of his claims nevertheless fails.   Given the foregoing, the Court hereby

ORDERS that Ismael Moreno-Rodriguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Civil Document No. 1, Criminal Document No. 81) is DENIED.   The Court further

ORDERS the United States of America's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Criminal Document No. 84) is GRANTED.

17

SIGNED at Houston, Texas, on this 3rd day of March, 2006

DAVID HITTNER

United States District Judge